# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JOHN BRINAR,  CASE NO. 09-52635-NPO

DEBTOR.  CHAPTER 7

## MEMORANDUM OPINION AND ORDER ESTABLISHING REPLACEMENT VALUE OF PERSONAL PROPERTY AND CONDITIONALLY GRANTING THE DEBTOR'S REQUEST FOR 11 USC § 722 HEARING

This matter came on for hearing (the "Hearing") on June 3, 2010, on the Request for 11 USC § 722 Hearing (the "Motion") (Dkt. No. 94) to redeem certain personal property, namely a 2005 Ford F-150 (the "Vehicle"), filed by John Brinar (the "Debtor"), and the Response of Trustmark National Bank to Debtor's Request for 11 USC Section 722 Hearing (the "Response") (Dkt. No. 109) filed by Trustmark National Bank ("Trustmark") in the above-styled chapter 7 case. Proper notice of the Motion and Hearing were duly given. Robert A. Byrd appeared at the Hearing on behalf of Trustmark, and the Debtor appeared *pro se*. Because the Response was not timely filed,[1] the Court did not consider the Response or the report that Trustmark attached thereto in determining the value of the Vehicle. Based on the testimony at the Hearing, the Court finds that the Debtor's Motion should be granted upon the conditions stated herein.

The Debtor filed his voluntary petition for relief under chapter 13 on November 20, 2009 (Dkt. No. 1). On January 19, 2010, this Court entered an Order Lifting the Automatic Stay and Abandoning Property (Dkt. No. 56) as to the Vehicle, and on February 15, 2010, entered an Order Overruling Motion to Reconsider filed by the Debtor (Dkt. No. 70). Subsequently, on March 8,

---

[1] According to the Notice of Hearing, the deadline for filing a response to the Motion was May 1, 2010 (Dkt. No. 97). However, the Response was not filed until May 11, 2010.

2010, the Court converted this case to a liquidation proceeding under chapter 7 (Dkt. No. 79). The Debtor filed the Motion *sub judice* on March 31, 2010, requesting a hearing to determine the value of the Vehicle for purposes of redemption pursuant to 11 U.S.C. § 722.

At the Hearing, the Debtor testified that the Vehicle is operational, that he had loaned it to someone in Texas, and that he would need the Vehicle within the next six to eight weeks for transportation to and from work after his recovery from surgery. In his Motion, the Debtor acknowledged that Trustmark holds a valid security interest in the Vehicle but indicated that he and Trustmark could not agree upon a redemption amount.

Section 722 grants debtors the right to redeem collateral by paying their creditors the amount of the allowed secured claim. 11 U.S.C. § 722. Under § 506(a), this amount is determined by the "replacement value" of the collateral, which is defined as "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." 11 U.S.C. § 506(a)(2); 6 Collier on Bankruptcy ¶ 722.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

At the Hearing, the Debtor tendered as evidence of the value of the Vehicle letters from three different automobile dealers. However, the Debtor tendered the letters without supporting testimony from the dealers who prepared them. Accordingly, the Court excluded the letters as inadmissible hearsay after the Debtor failed to identify any exception to the hearsay rule that would render them admissible.[2] See Federal Rule of Evidence 801(c) (defining hearsay as an out-of-court statement

---

[2] Upon the Court's exclusion of the letters, the Debtor requested a continuance of the Hearing. The Court denied the Debtor's request on the ground that the Hearing had been continued once before, and the Debtor was given proper notice of the reset date for the valuation hearing.

Page 2 of 5

offered in evidence to prove the truth of the matter asserted); see also SK-Palladin Partners, L.P. v. Platinum Entm't, Inc., No. 01C7202, 2001 WL 1593154, at *5 (N.D. Ill. Dec. 13, 2001) (without appraiser as a witness, appraisals were correctly barred as inadmissible hearsay); In re Roberts, 210 B.R. 325, 328-29 (Bankr. N.D. Ia. 1997) (appraisal documents presented by debtor to prove value of automobile were hearsay and inadmissible); In re Richards, 243 B.R. 15, 18 (Bankr. N.D. Ohio 1999) (appraisals of automobile dealers were clearly hearsay and the individuals who prepared them were not present to testify and probative value was negligible); Waddell v. Comm'r, 841 F.2d 264 (9th Cir. 1988) (court excluded appraisal as hearsay where the appraiser was not available for cross examination and no foundation is provided for business record exception).

It should be noted that this Court has previously advised the Debtor of the need for legal counsel in this case. Instead, he has chosen to proceed *pro se.* Accordingly, he is charged with knowledge of the Federal Rules of Evidence, including the hearsay rule. It has been this Court's observation that "[w]hile courts generally grant *pro se* parties some leniency, 'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" In re McDuffie, No. 04-53411-NPO, at *9 (Bankr. S.D. Miss. July 5, 2007) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). Moreover, "[t]he rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone." Salter v. IRS (In re Salter), 251 B.R. 689 (S.D. Miss.), aff'd without opinion, 234 F.3d 28 (5th Cir. 2000).

Although the Debtor was not allowed to introduce the letters into evidence, he was allowed to present his own lay opinion as to the value of the Vehicle, which he testified was $15,000, based on the current market value for vehicles of similar make, model, and year. See S. Cent. Livestock Dealers, Inc. v. Sec. State Bank, 614 F.2d 1056, 1061 (5th Cir. 1980) (noting that an owner is

competent to give his own opinion on the value of his property under Rule 702 of the Federal Rules of Evidence);Barry Russell, Bankruptcy Evidence Manual § 701:2 (2009-10) (courts generally allow owner to give his opinion on value of his property). The Debtor, however, also testified that the Vehicle sustained flood damage as the result of Hurricane Gustav and, therefore, claimed that the value of the Vehicle should be discounted by 50%. Trustmark did not present any evidence on valuation at the Hearing.

The Court finds that the Debtor's testimony as to the amount of flood damage the Vehicle sustained was not credible in light of his other testimony that the Vehicle is operational and currently in use in Texas. However, the Court finds that his testimony supports a small discount in the amount of $1,000 for flood damage to the Vehicle, which results in a replacement value of $14,000.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Debtor's Motion to redeem the Vehicle from the lien thereon held by Trustmark is granted, conditioned upon the Debtor paying to Trustmark the sum of $14,000 on or before June 29, 2010.[3]

IT IS FURTHER ORDERED AND ADJUDGED that upon payment of $14,000, Trustmark shall duly release its lien on the title to the Vehicle and shall remit same to the Debtor.

---

[3] At the Hearing, the Court ruled from the bench that the Debtor had until June 17, 2010, to redeem the Vehicle by paying $14,000 to Trustmark. In this Opinion, the Court hereby extends the Debtor's deadline to redeem the Vehicle until June 29, 2010.

IT IS FURTHER ORDERED AND ADJUDGED that should the Debtor fail to redeem the Vehicle as provided for above, the Debtor's Motion shall be denied and Trustmark shall be entitled to retain its lien on the Vehicle for the full amount of the outstanding balance of its lien.

SO ORDERED.